CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2023 JUL 13 A 10: 35

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISRAEL FARKASH and AHRON BERLIN asserting claims as the assignee and real party in interest of the claims of MENDEL DEUTSCH<br><br>Plaintiffs,<br><br>-Against-<br><br>MARK BLISKO; LARRY BLISKO; LARRY BLISKO ESQ; ALAN BLISKO; ARTHUR SPITZER ; JOHN DOES 1 through 20 ; JANE DOE 1 through 10; AND ABC CORPORATIONS 1 THROUGH 10, | Civil Action No. CV<br><br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT** |

Plaintiffs, ISRAEL FARKASH and AHRON BERLIN, asserting claims as the assignee and real party in interest of MENDEL DEUTSCH, bring forth this complaint against the Defendants. The following allegations are made on behalf of MENDEL DEUTSCH:

## INTRODUCTION

1.  The present Complaint, filed under the Racketeer Influenced and Corrupt Organizations Act (RICO), lays bare an extensive and malevolent network of collaboration and coordination involving multiple entities, including the attorney and the notary public. This enterprise is deeply entrenched in a series of nefarious and morally bankrupt activities, with their major activities encompassing the systematic forging of signatures, brazen bank fraud, insidious mortgage fraud, and the grave offense known as "Vanishing Ownership: Unmasking the Perils of Home Title Theft." With meticulous precision and callous disregard for the law, they execute these reprehensible actions.

2.  The attorney, assuming a pivotal and influential role within the enterprise, shamelessly exploits their expertise, intimate knowledge of the legal system, and access to confidential information. This calculated involvement facilitates and empowers the

1

insidious scheme, which includes the audacious forging of signatures, flagrant bank fraud, mortgage fraud, and the deliberate theft of home titles. The attorney's central position stands as an indispensable cog in the machinery of this enterprise's major activities.

3. The enterprise's abhorrent actions transcend isolated incidents, revealing an elaborate and systematic pattern of conduct. Collaborative efforts among the entities entail the sharing of resources, active support, and strategic coordination. Their organized approach exemplifies premeditated planning, with the attorney's instrumental participation serving as a linchpin in the pursuit of their shared objectives, namely the systematic forging of signatures, brazen bank fraud, mortgage fraud, and the despicable crime of "Vanishing Ownership: Unmasking the Perils of Home Title Theft."

4. Driven by an insatiable thirst for financial gain, this enterprise brazenly employs deception and manipulates legal processes to achieve their malevolent ends. Their major activities, which include the calculated forging of signatures, audacious bank fraud, mortgage fraud, and the heinous offense of "Vanishing Ownership: Unmasking the Perils of Home Title Theft," lay bare their collective intent and purpose. The attorney's deep involvement further underscores their pivotal role in executing the enterprise's nefarious objectives.

5. The impact and scope of the enterprise's actions are nothing short of catastrophic, inflicting significant harm upon unsuspecting individuals, financial institutions, and homeowners. The resulting consequences are severe, encompassing substantial financial losses, irreparable damage to reputations, grave legal repercussions, and the shattering of the foundational principle of homeownership due to the deplorable crime of home title

theft. The magnitude of the enterprise's activities underscores the gravity of the allegations, demanding urgent legal intervention to address the systematic forging of signatures, brazen bank fraud, mortgage fraud, and the reprehensible crime of "Vanishing Ownership: Unmasking the Perils of Home Title Theft," along with the interconnected misconduct.

6. Furthermore, the enterprise operates in collaboration with the notary public, who plays an instrumental role in the operation. Capitalizing on their entrusted authority and position, the notary actively facilitates the despicable activities, including the forging of signatures, brazen bank fraud, mortgage fraud, and the perpetration of the vile crime of "Vanishing Ownership: Unmasking the Perils of Home Title Theft," in sinister harmony with the other entities involved.

7. This Complaint unveils the insidious and intertwined nature of the enterprise's fraudulent and morally bankrupt practices, with their major activities revolving around the systematic forging of signatures, audacious bank fraud, mortgage fraud, and the repugnant crime of "Vanishing Ownership: Unmasking the Perils of Home Title Theft." It provides an unflinching and comprehensive exposé of their meticulously orchestrated operations, revealing the depths of their collaboration, shared objectives, and the calculated commission of fraudulent activities by the responsible parties. Through this legal action, we seek to hold them fully accountable for the severe harm they have callously inflicted upon the plaintiff, including the calculated forging of signatures, audacious bank fraud, mortgage fraud, and the reprehensible crime of "Vanishing Ownership: Unmasking the Perils of Home Title Theft."

## JURISDICTION AND VENUE:

8. This action is filed under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, et seq. This court exercises supplemental jurisdiction over the plaintiffs' state law claims as provided by 28 U.S.C. 1367(a).

9. The defendants fall under the personal jurisdiction of this state as per 18 U.S.C. § 1965(d). They can also be subject to personal jurisdiction because they either reside, conduct business, engage in substantial activities, or have committed tortious acts within this state. This court possesses subject matter jurisdiction under 28 U S.C. § 1331, given that this action arises under the laws of the United States.

10. Venue is appropriately established in the District of New Jersy according to 28 U.S.C. § 1391(b)(1) and (2) and (d). A significant portion of the events or omissions leading to the claims asserted in this action occurred within this district. Additionally, pursuant to 18 U.S.C. § 1965(a), venue is proper in this district because one of the defendants resides here, one acts as an agent for the other defendants in this district, and all defendants conduct their affairs within this district.

## THE PARTIES

11. The Plaintiff ISRAEL FARKASH ("Plaintiff") is an individual who, during the relevant period mentioned in the allegations herein, resided at 1931 Fiddlers Run, Toms River, NJ 08755

12. The Plaintiff AHRON BERLIN ("Plaintiff") is an individual who, during the relevant period mentioned in the allegations herein, resided at 3 Liska Way, #101, Monroe, NY 10950.

4

13. The Defendant MARK BLISKO is a person who, based on information and belief, is and was a resident of the State of New York. The Defendant is a "person" within the meaning of 18 U.S.C. § 1961(3). Based on information and belief, the Defendant MARK BLISKO conducts business under the name of LARRY BLISKO ESQ located at 311 Meacham Ave, Elmont, NY 11003

14. The Defendant Larry Blisko is a person who, based on information and belief, is and was a resident of the State of New York. The Defendant is a "person" within the meaning of 18 U.S.C. § 1961(3). Based on information and belief, the Defendant Larry Blisko conducts business under the name of LARRY BLISKO ESQ located at 311 Meacham Ave, Elmont, NY 11003

15. The Defendant LARRY BLISKO ESQ is a person who, based on information and belief, is and was a resident of the State of New York. The Defendant is a "person" within the meaning of 18 U.S.C. § 1961(3). Based on information and belief, the Defendant Larry Blisko conducts business under the name of LARRY BLISKO ESQ located at 311 Meacham Ave, Elmont, NY 11003

16. The Defendant ALAN BLISKO is a person who, based on information and belief, is and was a resident of the State of New York. The Defendant is a "person" within the meaning of 18 U.S.C. § 1961(3). Based on information and belief, the Defendant Larry ALAN BLISKO conducts business under the name of LARRY BLISKO ESQ located at 311 Meacham Ave, Elmont, NY 11003

17. The Defendant ARTHUR SPITZER is a person who, based on information and belief, is and was a resident of the State of New Jersey 2370 at Forest Cir, Toms River, NJ 08755

## FACTS RELEVANT TO ALL CLAIMS

18. Mark Blisko, under deceptive pretenses, assumes the role of the plaintiff in the case entitled Mark Blisko v. Arthur Spitzer et al in Nassau County Supreme Court, indexed as Number 604855/2023. He submits a fraudulent complaint against Mendel Deutsch, falsely accusing him of wrongdoing. However, it is crucial to note that Deutsch is, in fact, the true victim of the fraudulent activities.

19. It is imperative to state with utmost clarity that Mr. Deutsch has never engaged in any business dealings with the deceptive individual, Mark Blisko. Any suggestion of a professional association between them is entirely baseless and should be dismissed as groundless fabrications.

20. It should be emphatically clarified that Mr. Deutsch has never borrowed any funds from Mark Blisko, refuting any unfounded claims of financial transactions or indebtedness.

21. Furthermore, it is of utmost importance to underscore that Mr. Deutsch has never received any monetary contributions from Mark Blisko. This unequivocally refutes any unfounded notions of illicit financial dealings or exchanges.

22. Equally significant is the fact that Mr. Deutsch vehemently denies ever tarnishing his reputation by affixing his signature to the loan agreement presented in this lawsuit. The document is a transparent and feeble attempt at deception and fraud.

23. Mark Blisko, the plaintiff, shamelessly formulates a complaint that grossly distorts the true facts of the case, engaging in a deliberate act of willful misrepresentation to further his deceitful agenda.

24. It is crucial to clarify unequivocally that Mendel Deutsch is an innocent victim ensnared in Mark Blisko's web of deception. The alleged involvement of Arthur Spitzer is a completely unrelated matter, concocted to fabricate a false narrative.

25. Arthur Spitzer, an active accomplice in Mark Blisko's reprehensible actions, plays a crucial role in perpetuating this disreputable affair. His primary involvement revolves around the forgery of signatures, perpetuating a web of deceit.

26. The signature on the promissory note, a pivotal element of Mark Blisko's dubious complaint, is unquestionably and incontrovertibly forged. There is no room for doubt regarding the authenticity and credibility of this document.

27. Motivated by an insidious desire to mislead and manipulate, Arthur Spitzer shamelessly falsifies the signature, employing this deceitful tactic to misdirect and deceive all those entangled in Mark Blisko's fraudulent schemes.

28. Mark Blisko collaborates with his covert partner, Arthur Spitzer, including Spitzer as a fabricated victim to advance their fraudulent scheme.

29. Mark Blisko assumes the role of the apparent mastermind in these fraudulent transactions, meticulously managing the financial aspects and orchestrating the schemes to deceive unsuspecting individuals.

30. The attorney representing the fraudulent complaint assumes a significant role within the Rico Enterprise and, incidentally, shares a familial connection as the plaintiff's brother. They wield substantial influence and expertise, leveraging their comprehensive understanding of the legal system and unrestricted access to confidential information.

31. Their extensive involvement enables and empowers the fraudulent scheme, encompassing activities such as deliberate signature forgery, bank fraud, mortgage fraud, and the audacious theft of homeownership through the criminal act known as "Vanishing Ownership: Unmasking the Perils of Home Title Theft."

32. The attorney's pivotal position within the enterprise is instrumental in orchestrating its key activities.

33. Arthur Spitzer, Blisko's concealed yet indispensable partner in the fraud, plays a crucial role in the scheme. He engages in clandestine acts of forging signatures on important documents, deliberately obscuring his involvement to maintain an illusion of innocence.

34. Mark Blisko and Arthur Spitzer operate as hidden partners, working behind the scenes to meticulously plan and execute the fraudulent transactions.

35. They manipulate financial matters, critical documents, and exploit their knowledge and access to deceive unsuspecting individuals.

36. Within this fraudulent scheme, Arthur Spitzer presents himself as a guarantor and co-borrower, sharing responsibility for loan repayment and borrowing obligations. This arrangement enables Mark Blisko and Arthur Spitzer to carry out their fraudulent activities with the intention of deceiving lenders and exploiting the financial system for personal gain.

37. Additionally, in paragraph 6 of his reply, Mark Blisko falsely claims by including a forged email that Mr. Deutsch confessed to owing him money. The email allegedly sent by Mr. Deutsch to Mark Blisko inquired about the possibility of establishing a payment arrangement.

8

38. Clearly, the process server, Daniel Knight, along with Alan Blisko and Larry Blisko, the attorney and notary, were attempting to execute sewer service, as demonstrated below.

39. On April 4, 2023, Daniel Knight shamelessly claimed to have served a Summons with Notice of Motion for Summary Judgment instead of a Complaint to Forest Equities and Holdings LLC, the Defendant(s), at 1500 West Blanke Street, Jersey City, NJ 07306. However, it was quickly discovered that this address does not exist in New Jersey. It is evident that this fabricated address was deceptively chosen to impersonate Mendel Deutsch's workplace, all part of a nefarious scheme to obtain a default judgment. How audacious to create an address that closely resembles the actual one but conveniently features the wrong county and zip code, which do not exist in the state of New Jersey!

40. As if that weren't enough, on April 3, 2023, Daniel Knight had the audacity to claim service of a Summons with Notice of Motion for Summary Judgment on Mendel Deutsch's own daughter. However, this poor soul vehemently denies ever receiving any legal documents. Mr. Knight's use of such underhanded tactics is truly remarkable!

41. But the astonishing misconduct doesn't end there. Alan Blisko, in a shocking display of incompetence or deliberate malice, alleges that on June 26, 2023, he served the Reply Affirmation at Mendel Deutsch's residence, located at 1931 Fiddlers Run, Toms River, NJ 08755. However, the town name was carelessly misspelled as "Tom Rivers" instead of the correct "Toms River." To add insult to injury, the document was conveniently notarized by Larry Blisko, the attorney implicated in this web of deceit.

42. It is deeply troubling to witness such blatant disregard for ethical and lawful practices. This repeated pattern of misconduct raises serious concerns about the integrity and credibility of those involved in these deceitful attempts to manipulate the legal process.

43. The plaintiffs substantiate their claims by providing supporting evidence through referencing all factual statements in the federal complaint currently pending in the United States District Court, Eastern District of New York (Case 1:22-cv-04873-KAM-RML, filed on 03/03/23). This complaint, which shall become an integral part of our present complaint, contains compelling evidence that further substantiates the earlier claims stated herein.

44. The evidence provided reveals significant details about Arthur Spitzer's actions within the fraudulent enterprise. It highlights his bankruptcy history and demonstrates his acquisition of properties without personal investment. Moreover, it establishes Spitzer's central role as the front man responsible for orchestrating various acts of racketeering within the AIF Enterprise. The evidence also sheds light on Spitzer's involvement in forging property titles and his association with fraudulent mortgages originated by multiple funding entities. These deceitful activities ultimately led to foreclosure proceedings being initiated against the properties, further supporting the evidence of Spitzer's active participation in the fraudulent scheme.

35. The collective actions of Mark Blisko, Arthur Spitzer, and the attorney representing the fraudulent complaint give rise to a compelling case for the establishment of a Racketeer Influenced and Corrupt **Organizations Act (RICO) enterprise**. The evidence suggests the formation of a criminal organization engaged in systematic and repetitive fraudulent activities.

36. Mark Blisko emerges as the apparent mastermind, displaying meticulous management of the financial aspects and orchestrating deceptive transactions. Arthur Spitzer, although operating covertly, assumes a critical role as Blisko's partner in the fraud. Together, they

function as hidden collaborators, meticulously planning and executing fraudulent activities that involve forging signatures, manipulating vital documents, and preying upon unsuspecting individuals.

37. The attorney representing the fraudulent complaint assumes a position of significant influence within this criminal enterprise. Leveraging their expertise, knowledge of the legal system, and unhindered access to confidential information, they exploit their pivotal role to facilitate and empower the fraudulent scheme. Their involvement includes orchestrating key activities such as signature forgery, bank fraud, mortgage fraud, and the nefarious act known as "Vanishing Ownership: Unmasking the Perils of Home Title Theft," where homeownership is stolen.

38. The language used in the complaint, combined with the coordinated efforts and extensive involvement of these individuals, presents a distinct pattern of criminal behavior that strongly suggests the existence of a RICO enterprise. The repetitive nature of their actions, the collaborative partnership they maintain in their deceptive endeavors, and the fraudulent activities executed with the explicit intent to deceive and exploit the financial system form the foundation for a compelling RICO case.

AS AND FOR THE FIRST CAUSE OF ACTION
(AGAINST ALL DEFENDANTS): FEDERAL CIVIL
RICO, 18 U.S.C. § 1962(c)

39. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein. Defendants (collectively, "RICO Defendants") have violated RICO, resulting in injury to the Plaintiff. Each RICO Defendant meets the definition of a "person" under 18 U.S.C. § 1961(3) and has a legal or beneficial interest in property. Moreover, each RICO Defendant has violated 18 U.S.C. § 1962(c) as described in the preceding paragraphs and further detailed below.

11

40. The Enterprise: RICO Defendants, acting in association for the common and ongoing purpose described herein, constitute an enterprise as defined by 18 U.S.C. § 1961(4) and engage in the conduct of their affairs through a continuing pattern of racketeering activity. It is possible that there are other members of the enterprise who are presently unknown.

41. Pattern of Racketeering Activity: RICO Defendants, as individuals associated with or employed by the enterprise, knowingly, willfully, and unlawfully conducted or participated, directly or indirectly, in the enterprise's affairs through a pattern of racketeering activity under 18 U.S.C. §§ 1961(1), 1961(5), and 1962(c). RICO Defendants repeatedly utilized the enterprise's facilities and services to carry out the racketeering activity. Furthermore, RICO Defendants had the specific intent to engage in the alleged substantive RICO violations.

42. Predicate Act: Use of Mails and Wires to Defraud Plaintiff in Violation of 18 U.S.C. §§ 1341 and 1343. RICO Defendants committed acts in violation of 18 U.S.C. §§ 1341 and 1343 by devising or intending to devise a scheme to defraud the Plaintiff and obtain money through false or fraudulent pretenses, representations, or promises. To execute their scheme, RICO Defendants caused the delivery of various documents and items through the U.S. mails or by private or commercial interstate carriers. RICO Defendants also transmitted or caused the transmission of writings, signs, and signals through wire communications in interstate or foreign commerce. RICO Defendants were aware that the use of the mails or wires would occur in the ordinary course of business or could have been foreseen, even if not specifically intended. These acts were done intentionally and knowingly with the specific intent to advance RICO Defendants' scheme. RICO Defendants engaged in their scheme across different states, requiring the use of the U.S.

12

mails, private or commercial interstate carriers, or interstate wires. In furtherance of the alleged scheme, RICO Defendants communicated with each other through wire transmissions and/or through the U.S. mails or private or commercial carriers. Plaintiff believes that these communications were typically transmitted electronically or through the U.S. mails or private or commercial carriers. Specifically, RICO Defendants used wire and/or U.S. mail or private or commercial carriers to transmit payments, correspondence, and purported litigation documents to perpetuate their fraudulent scheme. The shared objective of RICO Defendants was and is to divert funds to their own benefit and facilitate the payment of illegitimate litigation.

43. As a direct and proximate result of RICO Defendants' false representations, false pretenses, deceptive communications, and participation in the enterprise, Plaintiff has suffered damages by having to defend against numerous illegitimate litigations nationwide. The violations by RICO Defendants, as described herein, constitute a continuous course of conduct from approximately early 2020 to the present, with the intention of obtaining money through false representations, fraud, deceit, and other improper means. These violations form part of a pattern of racketeering activity under 18 U.S.C. §§ 1961(1) and (5). Based on information and belief, RICO Defendants have directly or indirectly conducted or participated in the affairs of the alleged enterprise through a pattern of racketeering activity, as defined herein, in violation of 18 U.S.C. § 1962(c). Their unlawful actions have directly and illegally caused injuries to Plaintiff's business, resulting in the expenditure of resources, damage to business interests and reputation, as well as other damages.

13

44. Plaintiff seeks an award of damages to compensate for the injury suffered. Plaintiff also seeks three times the damages sustained, reasonable attorneys' fees and costs of investigation and litigation, and any other relief authorized by statute."

AS AND FOR SECOND CAUSE OF ACTION
(AGAINST ALL DEFENDANTS) FEDERAL
CIVIL RICO, 18 U.S.C. § 1962(D)

45. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein. In violation of 18 U.S.C. § 1962(d), the RICO Defendants, including each individual defendant, knowingly and unlawfully conspired to facilitate a scheme involving the operation or management of a RICO enterprise through a pattern of racketeering activity, as alleged above. The conspiracy began no later than early 2020 and is ongoing. Its purpose was to divert money from the plaintiff and third parties for the defendants' personal benefit through fraudulent litigation awards. Each RICO Defendant committed at least one overt act to further this conspiracy. The acts performed in furtherance of the conspiracy include the creation and transmission of false litigation documents, participation in illegitimate litigation, and facilitation of wire transfers to Sitcomm and the "arbitrators." Even if any of the RICO Defendants did not specifically intend to harm the plaintiff, their actions were aimed at advancing the overall objective of the conspiracy, and the harm suffered by the plaintiff was a reasonably foreseeable consequence of the defendants' actions. The plaintiff has suffered and continues to suffer injury to its business and property as a direct result of the RICO Defendants' conspiracy in violation of 18 U.S.C. § 1962(d). Their unlawful actions have caused ongoing and illegal harm to the plaintiff, including the expenditure of resources, damage to business interests and reputation, and injuries resulting from the racketeering activity. The plaintiff seeks damages to compensate for the injuries suffered, including treble damages,

14

reasonable attorneys' fees, costs of investigation and litigation, and any other relief authorized by law.

### AS AND FOR THIRD CAUSE OF ACTION
### (AGAINST ALL DEFENDANTS) FRAUD

46. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

47. The defendants, collectively referred to as the RICO Defendants, engaged in a scheme to defraud the plaintiff and obtain his property through extortion. Each RICO Defendant is legally capable of holding an interest in property. The RICO Defendants committed fraud in violation of 18 U.S.C. § 1962(c) through various acts, including fraudulent property conveyances, obtaining fraudulent mortgages, bank fraud, insurance fraud, bankruptcy fraud, forgery, and extortion. The RICO Defendants formed an association-in-fact enterprise and conducted their affairs through a continuous pattern of racketeering activity. The RICO Defendants, as persons associated with the enterprise, knowingly and unlawfully conducted or participated in the affairs of the enterprise through a pattern of racketeering activity. The RICO Defendants used the mails and wires to defraud the plaintiff, employing false or fraudulent pretenses, representations, or promises. The RICO Defendants transmitted payments, correspondence, and purported litigation documents using wire communications, U.S. mail, or private/commercial carriers to perpetuate their fraudulent scheme. The shared objective of the RICO Defendants was to divert funds for their own benefit and facilitate the payment of illegitimate litigation expenses. As a direct result of the RICO Defendants' false representations and participation in the enterprise, the plaintiff suffered substantial harm, including the need to defend against numerous illegitimate litigations. The RICO Defendants' violations of law constituted a continuous course of conduct aimed at obtaining money through false representations and fraudulent

15

means. The plaintiff seeks damages, including treble damages, attorneys' fees, costs of investigation and litigation, and any other relief authorized by law.

AS AND FOR THE FORTH  CAUSE OF ACTION FOR
MALICIOUS PROSECUTION

48. Plaintiff hereby incorporates the preceding paragraphs by reference as if fully set forth herein.

49. In this cause of action, the plaintiff alleges a claim of malicious prosecution against the defendants. The plaintiff contends that the defendants, acting with malicious intent and without probable cause, initiated and pursued legal proceedings against the plaintiff, resulting in harm and damages.

50. The plaintiff asserts that the defendants knowingly and wrongfully initiated baseless and unfounded legal actions, including fraudulent litigation, with the sole purpose of harassing, harming, and exerting control over the plaintiff. These malicious legal proceedings were conducted with the intention of causing damage to the plaintiff's reputation, business interests, and financial well-being. The plaintiff argues that the defendants abused the legal system, utilizing it as a means to unjustly and maliciously target the plaintiff.

51. Furthermore, the plaintiff alleges that the defendants were fully aware of the lack of merit in their legal claims, yet proceeded with the litigation regardless. As a result, the plaintiff has incurred significant legal expenses, suffered reputational harm, emotional distress, and other damages.

52. The plaintiff seeks to hold the defendants accountable for their malicious actions and seeks compensation for the harm suffered as a direct consequence of the malicious

prosecution. The plaintiff asserts that the defendants' actions were undertaken with the specific intent to harm the plaintiff, extending beyond mere negligence or mistake.

53. In this cause of action, the plaintiff requests damages to redress the financial losses, emotional distress, reputational damage, and other harm caused by the malicious prosecution. Additionally, the plaintiff seeks punitive damages to deter the defendants and others from engaging in similar malicious conduct in the future.

54. The plaintiff also seeks a declaratory judgment affirming that the defendants' actions constituted malicious prosecution and an injunction to prevent the defendants from initiating baseless legal actions against the plaintiff in the future.

55. To summarize, the plaintiff asserts a cause of action for malicious prosecution against the defendants, alleging that they initiated and pursued baseless legal proceedings with malicious intent and without probable cause, resulting in harm and damages to the plaintiff. The plaintiff seeks compensation, punitive damages, declaratory judgment, and injunctive relief to address the harm suffered and to prevent further malicious actions by the defendants.

## AS AND FOR FIFTH CAUSE OF ACTION FOR NOTARY FRAUD

56. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

In this cause of action, the plaintiff alleges that the defendants, acting in concert and conspiracy, engaged in fraudulent notarization of documents as part of their scheme to defraud the plaintiff.

The defendants planned to use a specific notary for the fraudulent notarization of documents, and there is credible information suggesting their involvement in a money laundering enterprise and its use to launder their own illegally obtained funds. The

17

defendants, associated with an enterprise, conducted and participated in the management and operation of the enterprise through a pattern of racketeering activity.

Their acts of notary fraud, money laundering, and other related offenses were horizontally and vertically connected to the enterprise, contributing to the establishment of the racketeering enterprise.

57. The plaintiff alleges that the defendants violated the Federal Civil RICO statute (18 U.S.C. § 1962(c)) by knowingly and willfully conducting or participating in the affairs of the enterprise through a pattern of racketeering activity, which included notary fraud. These fraudulent acts of notarization were done with the intention to deceive and defraud the plaintiff. As a result of the defendants' notary fraud and their involvement in the money laundering enterprise, the plaintiff suffered significant harm to their business and property. The defendants' actions have caused injury and financial loss to the plaintiff.

58. The plaintiff brings this cause of action against all defendants under 18 U.S.C. § 1962(c), alleging their conspiracy, confederation, and agreement to conduct and participate in the affairs of the enterprise through a pattern of racketeering activity, including notary fraud.

59. The plaintiff seeks compensation for the damages suffered, treble damages, as well as the recovery of reasonable attorneys' fees, costs of investigation and litigation, and any other relief authorized by law.

Summary: The fifth cause of action alleges that the defendants engaged in notary fraud as part of their scheme, causing harm to the plaintiff.

60. WHEREFORE, plaintiff respectfully requests that this Honorable Court enter judgment against the defendants, jointly and severally, and grant the following relief:

1. For the First Cause of Action (Federal Civil RICO, 18 U.S.C. § 1962(c)): a. Declare that the defendants violated the RICO statute. b. Award compensatory damages to the plaintiff for the injuries suffered as a result of the defendants' actions. c. Award treble damages to the plaintiff in accordance with 18 U.S.C. § 1964(c). d. Award reasonable

2. attorneys' fees and costs of investigation and litigation. e. Grant any further relief that this Court deems just and proper.

3. For the Second Cause of Action (Federal Civil RICO, 18 U.S.C. § 1962(d)): a. Declare that the defendants conspired to facilitate a scheme involving the operation or management of a RICO enterprise through a pattern of racketeering activity. b. Award compensatory damages to the plaintiff for the injuries suffered as a result of the defendants' conspiracy. c. Award treble damages to the plaintiff in accordance with 18 U.S.C. § 1964(c). d. Award reasonable attorneys' fees and costs of investigation and litigation. e. Grant any further relief that this Court deems just and proper.

4. For the Third Cause of Action (Fraud): a. Declare that the defendants engaged in fraudulent conduct in violation of 18 U.S.C. § 1962(c). b. Award compensatory damages to the plaintiff for the harm caused by the defendants' fraudulent acts. c. Award treble damages to the plaintiff in accordance with 18 U.S.C. § 1964(c). d. Award reasonable attorneys' fees and costs of investigation and litigation. e. Grant any further relief that this Court deems just and proper.

WHEREFORE, plaintiff prays for judgment against the defendants, jointly and severally, for the above-stated relief, and for such other and further relief as this Honorable Court deems just and proper.

Dated: July 10, 2023

ISRAEL FARKASH

1931 Fiddlers Run, Toms River, NJ 08755

Israel@ifarkash.com

718-6691991

AHRON BERLIN

3 Liska Way, #101,
Monroe NY, 10950
347-254-3532
FAX100@GMAIL.COM